IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02520–KMT

DEANNA J. ARMIJO,

    Plaintiff,

v.

CAROLYN COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER

This case comes before the court on review of the Commissioner's denial of Plaintiff Deanna J. Armijo's application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-33 ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL BACKGROUND

In May, 2010, Plaintiff filed an application for DIB under Title II of the Act. (Administrative Record ["AR"], Doc. No. 11, at 140-41.) Plaintiff claimed she became disabled on December 31, 2009, due to bilateral knee impairments. (*Id.* at 140, 170.) After the State agency denied Plaintiff's claim (*id.* at 65-78), she requested a hearing before an administrative law judge ("ALJ") (*id.* at 79). A hearing was held on November 15, 2011, at which Plaintiff and an impartial vocational expert (VE) testified. (*Id.* at 31-64.)

On December 20, 2011, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 12, 2010, the alleged onset date. (*Id.* at 19.)  At step two, the ALJ found that Plaintiff suffered from the following severe impairment:  bilateral knee pain.  (*Id.*)  At step three, the ALJ found that Plaintiff's impairment, while severe, did not meet or medically equal any of the impairments or combination of impairments listed in the social security regulations. (*Id.* at 20.)

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in the social security regulations, but with the following limitations:

> [n]ot required to stoop or crouch more than occasionally; not required to climb, crawl, kneel, and balance; not required to sit for more than 45 minutes at one time without the opportunity to stand; not required to push or pull with the feet; and not required to work at unguarded heights or near unguarded hazardous mechanical equipment.

(*Id.* at 20.)

At step four, the ALJ found that Plaintiff could not perform any of her past relevant work. (*Id.* at 24.)  At step five, however, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform.  (*Id.* at 24-25.)  Specifically, the ALJ found that Plaintiff could work in representative occupations such as a Front Desk Receptionist,

---

[1] The five-step process requires that the ALJ consider whether a claimant (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988).  The claimant has the burden of proof on steps one through four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).

Surveillance System Monitor, or a Call Out Operator. (*Id.* at 25.) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act, and thus, not entitled to benefits. (*Id.* at 25-26.)

The Appeals Council denied Plaintiff's request for review on July 11, 2013. (*Id.* at 1-3.) Plaintiff then filed this action seeking review of the Commissioner's Action on September 16, 2013. (Compl., Doc. No. 1.) Plaintiff's Opening Brief was filed on March 28, 2014 (Doc. No. 14.) The Commissioner's Response Brief was filed on May 1, 2014. (Doc. No. 15.) Pursuant to the Joint Case Management Plan entered on February 5, 2014 (Doc. No. 13), Plaintiff's Reply Brief, if any, was due on May 21, 2014. Plaintiff did not file a reply brief. Accordingly, this matter is ripe for the court's review and ruling.

## STANDARD OF REVIEW

This appeal is based upon the administrative record and briefs submitted by the parties. In reviewing a final decision by the Commissioner, the role of the district court is to examine the record and determine whether it "contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standard." *Ricketts v. Apfel,* 16 F. Supp. 2d 1280, 1287 (D. Colo. 1998). The ALJ's decision must be evaluated "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir.2004).

Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence requires "more than a scintilla, but less than a preponderance" of the evidence. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir.1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the court "must 'exercise common sense' in reviewing an ALJ's decision and must not 'insist on technical perfection.'" *Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013) (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012)).

## ANALYSIS

A. *Whether the ALJ Applied the Correct Legal Standard to and Properly Evaluated the Opinion of Nurse Practitioner Frankie Cordova*

Plaintiff argues that, in considering Plaintiff's RFC, the ALJ applied the wrong legal standard in evaluating the medical opinion evidence of Nurse Practitioner Frankie Cordova, one of Plaintiff's treatment providers, with respect to Plaintiff's RFC. The court disagrees.

"The determination of [residual functional capacity] is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities." *Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005) (citing Social Security Ruling 96-5p, 1996 WL 374183, at *2, 5). When the ALJ is deciding a claimant's RFC, he must consider all medical opinions included in the record. 20 C.F.R. § 404.1527(c). Here, the ALJ did not altogether fail to consider Ms. Cordova's opinion. Instead, in his written opinion, the ALJ acknowledged Ms. Cordova's opinion as follows:

> In October 2011, the claimant's treatment provider, Frankie Cordova, FNP, opined that the claimant suffered from severe pain and that this pain was severe enough to interfere with attention and concentration needed to perform even simple work tasks. Ms. Cordova also indicated that the claimant was incapable of even "low stress" jobs and must use a cane or other assistive device in order to ambulate. Ms. Cordova then found

> the claimant to be able to sit for 15 minutes, stand for 0-10 minutes, and would require the ability to shift positions at will, take unscheduled breaks, and elevate her legs with prolonged sitting.

(AR at 23.)

In reviewing her opinion, the ALJ noted that Ms. Cordova, as a nurse practitioner, was not an acceptable medical source pursuant to the Commissioner's regulations. *See* 20 C.F.R. § 416.913(d) (explaining that "other sources" include nurse practitioners); Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *1-2 (SSA Aug. 9, 2006) (listing "acceptable medical sources" and "other sources"). As such, Ms. Cordova can neither issue medical opinions, *see* 20 C.F.R. § 404.1527(a)(2), nor be considered a treating source whose opinion must be evaluated to determine whether it is entitled to controlling (*i.e.* determinative) weight, *see* 20 C.F.R. § 404.1513(d). *Frantz v. Astrue,* 509 F.3d 1299, 1301 (10th Cir. 2007). *See also* SSR 06-03p, 2006 WL 2329939, at *2.

Nevertheless, the Commissioner has recognized that given the realities of modern-day managed healthcare,

> medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

SSR 06–03p, 2006 WL 2329939, at *3. Accordingly, such opinions still must be considered, applying the same factors as are generally used to assess treating source opinions. *Id.* at *4. *See also* 20 C.F.R. §§ 404.1527(c)(2)-(6) & 416.927(c)(2)-(6); *Frantz*, 509 F.3d at 1302. These factors include: (1) the length of the treatment relationship; (2) the frequency of examination; (3)

the nature and extent of the treatment relationship; (4) the support of the provider's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (5) the specialization of the provider. 20 C.F.R. §§ 404.1527(c)(2)-(6) & 416.927(c)(2)-(6); SSR 06-03p, 2006 WL 2329939, at *4-5. The regulations do not require that the ALJ expressly discuss each factor. *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007).

Here, the ALJ found that only "little weight can be afforded to Ms. Cordova's opinions as she is not an acceptable medical source for purposes of the Social Security Administration." (AR at 23.) If that were the end of the ALJ's analysis of Ms. Cordova's opinion, the court would be inclined to agree that it constituted error. *Frantz*, 509 F.3d at 1302.

However, the ALJ went on to discuss the consistency of Ms. Cordova's opinion with other evidence in the record. "Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." *Pisciotta v. Astrue,* 500 F.3d 1074, 1078 (10th Cir. 2007) (internal quotation marks and citation omitted).

First, the ALJ reasonably concluded that Ms. Cordova's opinion was inconsistent with her contemporaneous examination findings. More specifically, in contrast to Ms. Cordova's opinion that Plaintiff's knee pain imposed significant limitations on Plaintiff's ability to perform even low stress jobs (AR at 299), the October 2011 medical records prepared by Ms. Cordova state that Plaintiff had normal range of motion in all extremities (*id.* at 305).

Plaintiff is correct that, contrary to Ms. Cordova's objective findings, at least two other treating physicians found that Plaintiff had a poor range of motion. (AR at 255-56 (findings of Dr. Robinson in March 2010); 265-68 (findings of Dr. Summerlin in August 2010).) However, the ALJ did not rely on the October 2011 medical records prepared by Ms. Cordova to

6

affirmatively find that Plaintiff had a good range of motion.  Instead, the ALJ relied on the October 2011 medical records only to discount Ms. Cordova's opinion, based on the inconsistency between those records and Ms. Cordova's opinion.  20 C.F.R. 404.1527(c)(3) (more weight is given to an opinion that is supported by relevant evidence, particularly medical signs and laboratory findings); *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1029 (10th Cir. 1994) (ALJ reasonably discounted treating physicians opinion where it was not supported by his own office records).

The ALJ also gave Ms. Cordova's opinion "little weight" because it was "inconsistent with the claimant's own stated abilities."  (AR at 23.)  An ALJ reasonably discounts a treating physicians' opinion when it was inconsistent with statements from the claimant. *Pisciotta,* 500 F.3d at 1078-79 (ALJ reasonably discounted a treating physicians' opinion when it was inconsistent with statements from the claimant and his mother).

The court finds that the ALJ permissibly discounted Ms. Cordova's opinion based on inconsistencies with Plaintiff's own stated abilities.  First, while Ms. Cordova opined that Plaintiff's pain would constantly interfere with the attention and concentration necessary to perform even simple work tasks and that Plaintiff was incapable of even "low stress" jobs (*id.* at 299), Plaintiff stated in July 2010 that she had no difficulty paying attention, following written or spoken instructions, and was able to handle stress and changes in routine (*id.* at 193-94).  Further, while Ms. Cordova indicated that Plaintiff could not walk even one city block without resting (*id.* at 299), Plaintiff stated in July 2010 that she could walk three blocks at a time without resting (*id.* at 193).

Moreover, the court finds that there is substantial evidence in the record to support the ALJ's RFC findings. More specifically, after examining Plaintiff, Dr. Adam Summerlin concluded that Plaintiff was capable of lifting 20 pounds occasionally and 10 pounds frequently and was able to engage in occasional climbing, balancing, and stooping, but was unable to kneel, crouch, or crawl. (AR at 256; *see also id.* at 23.) Plaintiff does not challenge the ALJ's decision to afford Dr. Summerlin's opinion substantial weight based on his examining status and the consistency of his opinions with the record. (*see id.* at 23.)

Further, the State Agency medical consultant, Dr. Kaseil Steinhardt, opined that Plaintiff was capable of a sedentary exertional level of work with postural and environmental limitations. (*Id.* at 23.) Once again, Plaintiff has not challenged the ALJ's decision to afford "some weight" to Dr. Steinhardt's opinion. (*see id.* at 23-24.)

Ultimately, in arguing that the ALJ improperly discounted Ms. Cordova's opinion, Plaintiff requests that the court find that Ms. Cordova's opinion outweighs the other medical evidence in the record. It is not within this court's purview to reweigh the evidence or substitute its judgment for that of the ALJ. *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993).

**B.     *Whether the ALJ's Determination that Plaintiff could Perform Other Work in the Economy was Supported by Substantial Evidence***

In determining that Plaintiff was capable of performing other work in the economy, the ALJ relied on the testimony of the VE to determine that Plaintiff was capable of performing significant other work in the national economy. Plaintiff argues that the ALJ erred because the hypothetical questioning of the VE did not apprise the VE of all of Plaintiff's work-related functional limitations.

Testimony elicited by hypothetical questions "must include all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater,* 55 F.3d 530, 532 (10th Cir. 1995) (citations omitted). *See also Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 2000) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."). Plaintiff does not state what limitations, if any, were excluded from the hypothetical questions posed to the VE. (*See* Opening Brief at 14-15.) As such, the court finds that this argument is without merit.

Accordingly, it is

ORDERED that the ALJ's denial of social security disability benefits is AFFIRMED. Each party shall bear its own costs and attorney's fees.

Dated this 16th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge